UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANESSA'S TRANSPORT INC., Petitioner, v. XPO LAST MILE INC., Respondent. | Case No. 18-cv-00709-SK **ORDER DISMISSING ACTION** |

Upon review of Petitioner's response to the Court's Order to Show Cause regarding jurisdiction, the Court finds that jurisdiction is lacking. Petitioner argues that the amount in controversy is determined by the amount demanded in the underlying arbitration and is not dependent upon whether any party is seeking to reopen the arbitration. Petitioner cites to *American Guaranty Co. v. Caldwell*, 72 F.2d 209, 211 (9th Cir. 1934). According to Petitioner, the Ninth Circuit held in *American Guaranty* that the amount in controversy at issue in the underlying arbitration determines the jurisdictional amount. Petitioner further argues that the Ninth Circuit simply affirmed that holding in *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659 (9th Cir. 2005). Moreover, according to Petitioner, the district court opinions that have interpreted *Theis Research* differently are incorrect.

The Court finds that Ninth Circuit authority requires that this case be dismissed for lack of jurisdiction. In *American Guaranty*, when the action was first removed to federal court, it was on a petition to confirm an arbitration award of $32,500, which was well over the jurisdictional threshold at that time. 72 F.2d at 211. When it was removed, the district court had diversity jurisdiction over the action. *Id*. The district court vacated the arbitration award and ordered another hearing in arbitration, but did not dismiss the matter. *Id*. Upon the rehearing, the arbitrators issued an award of zero dollars. The appellant then filed a motion in the pending

district court action to vacate the second arbitration award and requested a rehearing and a new trial. *Id*. at 211-212. In the underlying arbitration matter, there was evidence that the appellee who was moving to vacate the zero dollar award had suffered damages in excess of $100,000. *Id*. at 211. The Ninth Circuit stated both that "[i]t is the amount in controversy which determines jurisdiction, not the amount of the award[]" and that the district court had jurisdiction over the second award because it had acquired jurisdiction when the action was initiated and the first arbitration award of $32,500 was being challenged. *Id*. at 211-12.

The Ninth Circuit did not examine this issue again until seventy years later. In *Luong v. Circuit City Stores, Inc.*, 356 F.3d 1188, 1192 (9th Cir. 2004), the majority observed that the court in *American Guaranty* had explained that it first acquired jurisdiction over the case when the original arbitration award was over the jurisdictional threshold amount and that it had

> retained jurisdiction to hear the petition to vacate the second award in the same action because the action was still pending. This is consistent with the general rule that "diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction if a party subsequently moves to another state, or if the amount in controversy subsequently drops below the minimum level."

*Id*. (citing *Hill v. Blind Indus. and Servs.*, 179 F.3d 754, 757 (9th Cir. 1999)). The court noted the statement "[i]t is the amount in controversy which determines jurisdiction, not the amount of the award[]" in *American Guaranty* but opined that it was:

> unlikely that we meant to *hold* that jurisdiction turns on the amount in controversy rather than the amount of the award given the posture in which the issue arose and the context in which the remark was made. Certainly jurisdiction did not turn on any such distinction in that case. *American Guaranty* has never been cited for this proposition, and two circuits have since taken a contrary view.

*Id*. (citing *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir.1997) and *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 260 (6th Cir.1994)).

The majority in *Luong* then held that diversity was lacking in the action to vacate the arbitration award for zero dollars: "The controversy now before the court is over the award itself. The amount awarded is disclosed on the face of the petition. It is legally certain that no different amount will be at issue in the federal proceeding, because a federal court lacks authority to award anything more or less." *Id*. at 1193. The court concluded "that the better rule is that the matter in

2

controversy on a petition to vacate an arbitration award should be measured by the amount of the award." *Id*. at 1194.

The dissenting judge, Kozinski, construed the *American Guaranty* differently. He found that the statement that "[i]t is the amount in controversy which determines jurisdiction, not the award" was a clear holding of the case. *Id*. at 1196 (quoting *American Guaranty*, 72 F.2d at 211). Kozinski believed that the court in *American Guaranty* had two alternative rulings, both of which were binding: "It held there was jurisdiction in the district court because the amount in controversy was satisfied *and* because the court had retained jurisdiction when the parties were engaged in arbitration." *Id*. at 1196 (emphasis in original).

However, the *Luong* panel subsequently withdrew its opinion and issued a new unanimous opinion that the district court had federal question jurisdiction, and, thus, did not address whether the amount in controversy was sufficient for diversity jurisdiction. *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1112 (9th Cir. 2004). Therefore, the initial *Luong* opinion is not binding. Nevertheless, it provides a thoughtful and persuasive way of interpreting the holding of *American Guaranty*.

Based on the initial (and later withdrawn) opinion in *Luong*, the *Theis Research* panel requested additional briefing on jurisdiction. Although the court in *Theis Research* ultimately held that jurisdiction "*in [that] case*" was determined by the amount at stake in the underlying litigation, and not the zero dollar arbitration award, the court was careful not to say that it was creating a rule for *all cases*. *Theis Research*, 400 F.3d at 665 (emphasis added). In that case, the appellant not only challenged the arbitration award, but also contemporaneously filed a complaint in district court that sought damages in excess of $200 million, which substantially mirrored the claims it had asserted in the arbitration proceeding. *Id*. at 661. The court also noted that its opinion was consistent with decisions from other circuits, including the two opinions noted by the initial *Luong* panel, which held that diversity jurisdiction was lacking where the petitions moved to vacate arbitration awards below the jurisdictional amount and did not seek to reopen the arbitration proceedings. *Id*. at 664-65. The court noted that these "[d]ecisions from other circuits . . . have turned upon whether the party seeking to vacate an arbitration award also sought to reopen

the arbitration." *Id*. at 664.

As the Court previously noted, other district courts, in reliance on *Theis Research*, have held that "[w]hen a petitioner seeks confirmation or vacatur of an award, without seeking a remand for further arbitration proceedings, the amount in controversy is the value of the [arbitration] award itself . . . ." *Hansen Bev. Co. v. DSD Distributors*, 2008 WL 5233180 at *5 (S.D. Cal. Dec. 12, 2008) (quotations and citation omitted); see also *Sanchez v. Borelli*, 2016 WL 4318977, *3 (D. Nev. August 10, 2016); *Anderson Plant LLC v. Batzer Const., Inc.*, 2015 WL 4572294, *5-6 (N.D. Cal. 2015); *Pacific Metro, LLC v. Le Investments, Inc.*, 2013 WL 12304551, *2 (N.D. Cal. August 27, 2013); *Coffey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2012 WL 94545 at *5 (C.D. Cal., Jan. 11, 2012). Petitioner argues that these cases were wrongly decided. Upon careful consideration of *American Guaranty* and *Theis Research*, this Court disagrees with Petitioner and concurs with these district court opinions.

Because in this action, Petitioner merely seeks to confirm an arbitration award for zero dollars, the amount in controversy in this action does not meet the jurisdictional amount. Notably, Respondent has not opposed the motion to confirm the award and is not seeking to reopen the arbitration proceeding. Accordingly, the Court finds that the amount in controversy does not meet the jurisdictional threshold. Because diversity jurisdiction is lacking, the Court HEREBY DISMISSES this action.

**IT IS SO ORDERED**.

Dated: April 26, 2018

SALLIE KIM
United States Magistrate Judge